IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BRUNILDA AYALA,

    Plaintiff,

     v.

ERIC K. SHINSEKI, Secretary Department of Veterans, et al.

    Defendant.

CIVIL NO. 10-1342 (CVR)

**OPINION AND ORDER**

    Pending before the Court is Defendant's Motion for Bench Trial (Docket No. 66) and Plaintiff's Response in Opposition to Motion for Bench Trial. (Docket No. 67). For the reasons set forth below, Defendant's Motion is **DENIED**.

    The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in suits at common law [where the value in controversy shall exceed $20.00.]" Medina v. Triple-S Vida, Inc., 832 F.Supp. 2d 117, 119 (D.P.R. 2011) (citing Textron Fin. Corp. v. Ship and Sail, Inc., 2011 WL 344134 at *1 (D.R.I. Jan. 31, 2011) (internal quotations omitted). Therefore, when a party makes a jury demand, "[t]he trial on all issues so demanded must be by jury unless … the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed.R.Civ.P. 39(a)(2).

    In Defendant's Motion he briefly requests this Court to hold a bench trial to try Plaintiff's case as she does not have a right to a trial by jury for retaliation claims stemming from an age discrimination EEO complaint under the Age Discrimination in Employment Act ("A.D.E.A."), 29 U.S.C. § 633a. Although Defendant acknowledges the complaint in this case was filed seeking compensatory relief and damages as a result of retaliatory treatment

by the Department of Veterans Affairs under Title VII, it contends "the sole employment discrimination issue raised in the [. . .] complaint is *retaliation* as the result of EEO complaints previously filed by Plaintiff." Id. at p. 2. Thus, the protected activity alleged by Plaintiff is that she filed EEO complaints under A.D.E.A. Accordingly, and since A.D.E.A. does not confer plaintiffs a right to jury against a federal defendant, plaintiff does not have a right to a trial by jury in this retaliation complaint that stems from an original EEO complaint for age discrimination. Defendant's conclusion , however, is devoid of any legal authority in support of its argument. Moreover, Defendant did not file the EEO complaint that allegedly supports its conclusion or any other evidence to demonstrate the allegations included in Plaintiff's EEO complaint. Rather, it alleges this information is based on Defendant's "information and belief." (Docket No. 66, p.2)

Plaintiff, in turn, insists the complaint in this case was filed under the Title VII Retaliation Charge, 42 U.S.C.A. § 2000-e, et seq., and that no reference is made to age discrimination. She further asserts is seeking compensatory damages under Title VII for which reason she has right to a jury trial. (Docket No. 67) (citing Jeneoury v. WAPA, TV Pegasus Broadcasting of San Juan, Inc., 747 F.Supp. 118 (D.P.R. 1990)).

A simple reading of Defendant's request confirms that it failed to attach to its motion the EEO complaint in support of its argument. Thus, the Court cannot ascertain the correctness of Defendant's argument without the benefit of reviewing Plaintiff's EEO Complaint. In addition, even if this case stems from an age discrimination EEO complaint, Defendant failed to provide any legal authority in support of its argument that jury trials are not allowed in Title VII cases stemming from A.D.E.A.'s EEO complaints. Moreover,

<u>Brunilda Ayala v. Eric Ken Shinseki, Secretary, Dept of Veterans Affairs, and Veterans Hospital in PR</u>
Civil No. 10-1342 (CVR)
Opinion and Order
Page 3

as correctly stated by Plaintiff, this complaint was filed under the Title VII's antiretaliation provision and no reference is made to age discrimination under the A.D.E.A. Thus, the only question that remains unanswered is whether there is a right to a trial by jury under Title VII's antiretaliation provision. The court answers this question in turn.

Whether or not a trial by jury is granted depends on the nature of the claims being disputed. <u>Medina</u>, 832 F.Supp.2d at 119 (citing <u>Padilla De Higginbotham v. Worth Publishers, Inc.</u>, 820 F.Supp. 48, 49 (D.P.R. 1997)). However, the equitable rights sought under Title VII are generally not deemed to require trial by jury. <u>Ramos v. Roche Products, Inc.</u>, 936 F.2d 43, 49 (1st Cir. 1991), *cert. denied* 502 U.S. 941 (1991). In <u>Ramos</u>, the First Circuit Court of Appeals, held that remedies of promotion, reinstatement and backpay are equitable in nature and, thus, plaintiffs were not entitled to a jury trial under their Title VII equitable claims. <u>Id.</u> at 50.

However, the Civil Rights Act of 1991 broadened the relief available for an employer's intentional discrimination. Employees who prevail on their claims may now recover compensatory and punitive damages. 42 U.S.C. § 1981a(a)(2). Further, if a complaining party seeks compensatory and punitive damages, as in this case, she may demand and receive a trial by jury. 42 U.S.C. § 1981a(c)(1); <u>see also</u>, <u>Jenouri</u>, 747 F.Supp. at 120-21 (D.P.R.1990)(granting a jury trial to a Title VII plaintiff who requested compensatory damages).

In this case, Plaintiff seeks compensatory and punitive damages, in addition to the other traditional Title VII damages such as backpay, benefits and future pay. (Docket No. 1). Although the Court already dismissed most of the claims in this case, the limited claims

Brunilda Ayala v. Eric Ken Shinseki, Secretary, Dept of Veterans Affairs, and Veterans Hospital in PR
Civil No. 10-1342 (CVR)
Opinion and Order
Page 4

---

that survived the motion for summary judgment, include a request for damages allegedly suffered as a result of retaliation from Defendant. As such, Plaintiff is entitled to a trial by jury on liability and damages.[1]

Accordingly, Defendant's Motion for Bench Trial (Docket No. 66) is **DENIED**.[2]

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 29th day of August of 2013.

                                              S/CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ RIVE
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant seems to agree with this Court's conclusion inasmuch as the sole argument in support of its Motion was based on A.D.E.A. and has never contested that a trial by jury is available to Title VII plaintiffs who request compensatory damages.

[2] The court will determine any issues of backpay, benefits and future pay after the jury makes its determination.